

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Christopher J. Romano
*Assistant United States Attorney*
*Christopher.Romano@usdoj.gov*

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

*DIRECT: 410-209-4907*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

March 10, 2014

Jonathan P. Van Hoven, Esquire
One N. Charles St., Suite 1215
Baltimore, MD 20770

Re: United States v. Donte Thomas, a/k/a Cruddy
Crim. No. ELH-13-0512

Dear Mr. Van Hoven:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to Donte Thomas, a/k/a Cruddy (Defendant) by the United States Attorney's Office for the District of Maryland ("this Office"). If this offer has not been accepted by <u>March 25, 2014</u>, it will be deemed withdrawn. If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.       The Defendant agrees to plead guilty to Count One of the Indictment, as amended, which charges him with conspiracy to possess with the intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.       The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.       At or about the time charged in the Indictment, in the District of Maryland, the Defendant knowingly, intentionally and willfully agreed with one or more persons to distribute, or possess with the intent to distribute 100 grams or more of a quantity of a mixture or substance containing a detectable amount of heroin;

b.       The participation by the Defendant was knowing and voluntary, that is not by accident or mistake.

1

## Penalties

3.      The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows:  imprisonment for forty (40) years with a minimum mandatory sentence of five (5) years, and a $5,000,000 fine, followed by a term of supervised release of at least four (4) years.  In addition, your client must pay $100 as a special assessment under 18 U.S.C. §3013, which will be due and should be paid at or before time of sentencing.  Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2500.00 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).  If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4       The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

(a)      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

(b)      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

(c)      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

(d)     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

(e)     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

(f)     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the Waiver of Appeal paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

(g)     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

(h)     By pleading guilty, the Defendant will also be giving up certain valuable civil rights.

### Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

### Guideline Stipulations

(a)     The parties stipulate and agree that the Defendant has a base offense level

3

of a level 26, pursuant to USSG §§2D1.1(c)(7), and 1B1.3 to account for at least 100 grams of heroin, but less than 400 grams of heroin.

(b)     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

<u>Rule 11 (c) (1) (C) Plea</u>

8.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **6 years** is the appropriate disposition. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

<u>Obligations of the United States Attorney's Office</u>

9.     This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct which this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing. At the time of sentencing, this Office will recommend a sentence of 6 years and a $100.00 in special assessment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

<u>Waiver of Appeal</u>

10.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)   The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)   The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **6** years imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **6** years imprisonment.

c)   Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d)   The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

11.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Entire Agreement

     12.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

     If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

                         Very truly yours,

                         Rod J. Rosenstein
                         United States Attorney

                         By: _____
                             Seema Mittal
                             Christopher J. Romano
                             Assistant United States Attorneys

     I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3·18·14
_____
Date

                                  _____
                                    Donte Thomas

     I am Mr. Donte Thomas's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3||(|(4
_____
Date

                                  _____
                                    Jonathan P. Van Hoven

6

ATTACHMENT A
STIPULATION OF FACTS

The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

As part of an investigation into heroin trafficking, the FBI's Safe Streets Squad, sought and received authorization to intercept cellular telephone calls from a number of members of a drug trafficking organization, operating primarily in Baltimore City and County. Based on intercepted calls, the Defendant, Donte Thomas (THOMAS) was identified as a member of the organization. On multiple occasions Thomas was intercepted over court authorized wiretaps, while speaking with another co-conspirator, Marlow Bates (BATES). Illustrative of the intercepted calls are the following:

On August 13, 2013 at approximately 11:07 a.m. BATES, received an incoming call from Donte Thomas (THOMAS). BATES asked, "What you doing Shorty?" THOMAS replied, "Uhhh standing up on my block." BATES later asked, "What they say? They like it?" THOMAS replied, "Yeah. I'm getting ready get the fuck from right here. My lil' man and 'em out. I'm ready fa. Yo we 'ont need to be standing out here this long." Based on training, knowledge, and experience agents believe that THOMAS was explaining to BATES that he was out supervising his heroin shop and that he had workers distributing the heroin. THOMAS joking explained that he needed to leave because he was out at the shop too long and might be arrested by the police.

7

On August 14, 2013 at approximately 11:42 a.m. BATES, received an incoming call from THOMAS.  BATES asked, "Yo. What, what's, what's up with your little nigga, yo?" THOMAS stated, "Huh?  I, I told you I went up ther to make sure they was out."  BATES asked, "They out, yo?"  THOMAS stated, "Yeah."  BATES asked, "You ain't grab no bread off of 'em?"  THOMAS stated, "Naw, not, only the, um, bread from the one he did yesterday." BATES replied, "Oh, alright."  Based on training, knowledge and experience, agents believe BATES was asking THOMAS whether he had checked on his heroin shop and whether the males who sell for him were out working yet.  THOMAS told BATES the males were out selling the heroin.  BATES asked THOMAS if he got money from the male(s) from the heroin sales. THOMAS explained that he had the money from yesterday's heroin sales, but he did not pick any money up from that day's sales.

Additional calls intercepted between BATES and THOMAS on August 10, 2013 and August 12, 2013, revealed THOMAS informing BATES that he had customers that wanted specific amounts of heroin.

The parties stipulate and agree that the amount of heroin reasonably foreseeable to the Defendant, Donte Thomas, was between 100-400 grams, thus indicating that the amount of heroin was far in excess of the amount intended for personal use, and in fact would indicate an intention to distribute.

SO STIPULATED:

Seema Mittal
Christopher J. Romano
Assistant United States Attorneys

3·18·14
Date

Donte Thomas

3/11/14
Date

Jonathan P. Van Hoven

9